Makes me thirsty seeing you pour the water. Good morning, your honors, Brett Schweitzer, the Federal Defender's Office here representing Mr. Anthony Robinson. At this time, I'd like to request three minutes for rebuttal.  Let me ask this, Mr. Schweitzer, a thought more about this. Sometimes we get into the weeds so deeply that we can't recognize that we're in weeds. And as you've seen from our letters to you, we ask you about the Johnson issue. Why should that even apply here? This is a situation where a person was specifically convicted under 1951. The jury was charged under 1951. The jury charged this morning about what a crime of violence means. Why should we take the whole categorical approach and all of the stuff, the metaphysics, if you will, that has evolved around trying to look back in time and trying to figure out what someone did and you cover the benefit of the break under the categorical approach so you kind of look at the least offensive conduct that would fit into that niche. Why should we even get into that here? It seems to me pretty clearly that this guy was convicted of conduct that the jury found beyond a reasonable doubt was sufficient to rise the level of a crime of violence. Why isn't it that simple? It's not, Your Honor, because we do know that there was a gun brandished in the subway robbery. I'm sorry. There was a gun brandished in the subway robbery. Okay. But that's no different than any other categorical approach case. That would be a threat and use of force, wouldn't it? Well, that would be, Your Honor. However, as a categorical matter, which I'll get to in a second, the statute is overbroad. So if we were to look at the facts here, you're right, Your Honor. If the categorical approach does not apply, then there would be no problem. The issue, though, is the categorical approach does apply, and how we know that is the Supreme Court says even in the context of this situation where we have in Leocal, for instance, 16A, which is identical to 924C, the Supreme Court says the language of that statute compels a categorical approach, regardless of whether the conduct was charged in the incident case or was a prior offense or anything else. In the jury there was instructed? In the jury there was instructed? Well, the language of the residual clause says by its nature. The Supreme Court says in Leocal that means categorical approach. And so that applies here. Now, this Court applies the categorical approach as well. In 924C cases, that's the Butler case cited in our brief, and I'd also point the case to Henry v. the Immigration and Custom Enforcement Agency at 493F3303. That was a 16A case, again, identical. So the categorical approach, as much as it does cause some sort of metaphysical angst, I hear the Court on that, the Supreme Court says it applies. And that's not really on the table, I don't believe, for the Court to reexamine today. That's true, even if the Hobbs Act definition of what he did completely comports with 924C. It does not, Your Honor. Let me get to that. So the question — If we were to find that it does, then we don't have to worry about categorical approach? No, the categorical — Or modified categorical approach? Well, the categorical approach would still apply. And then when you look to the Hobbs Act robbery, as it's defined by its elements, and the elements clause of 924C, then you compare those two and you'd say, is there exact congruence or is the Hobbs Act overbroad? And it is overbroad, and I can explain to the Court why, I think, quite simply. Aren't the examples you gave us pretty ridiculous? I don't think so, but even if they are ridiculous, Your Honor, that doesn't matter under the elements clause. Let me take a step back. The Court asked me to look — indicated that it wanted to discuss, obviously, both the elements clause and the residual clause today. The elements clause is a strict formulation that says, does a statute here in the Hobbs Act absolutely require physical force, the threatened use of physical force? Is it absolutely a requirement? That's what elements are, requirements. The residual clause we can think of as a common sense clause. Even if not every conceivable Hobbs Act robbery involves force, certainly the mine run case, the ordinary case, the natural case does. Okay? So what we're faced with today is, on the one hand, this instinct to say, well, Hobbs Act robbery is a prototypical violent crime of violence, but that hinges on — or that relies on a residual, natural — residual clause, natural, ordinary case analysis. When we look at the elements clause, it's quite clear. Hobbs Act robbery is actually broader than what we typically think of as robbery. And I think the easiest way — and Judge Roth, to give you an example that, hopefully, you wouldn't view as ridiculous, the easiest way to look at that is to look at the part of 1951 that says that the taking may be, by a method of fear or injury, immediate or future to the person or his property. Okay? Now, it's crystal clear under this court's model instructions, case law, everything else, property includes intangible economic rights. So if Mr. Robinson had gone into the Subway store, and instead of brandishing the gun, had said, empty the cash drawer, or I'm telling all your customers that your kitchen is filthy, that's a Hobbs Act robbery. There's just no dispute about that. That would be taking money by putting someone in fear of future economic harm. Isn't that extortion? It's not, Your Honor. It's from the presence of the person. Extortion is typically not in the presence of the person, and it's also not a consensual taking. So your argument is that every Hobbs Act robbery requires a categorical approach. Yes. Well, not just Hobbs Act robbery. I mean, when we look at 924C, whether we look at the elements clause or the residual clause that I'll be arguing in a little while is void for vagueness, but the categorical approach applies. What the jury was told they had to do, and second, that during and in relation to the commission of that crime, that crime being the robbery, the defendant knowingly used or carried a firearm, and then the judge told the jury the phrase uses or carries a firearm means having a firearm or firearms available to assist or aid in the commission of the crime or interfere with interstate commerce. So a firearm means any weapon to expel. Given that, and that's what we know he was convicted of, that's my problem, and I think you understand my problem. Well, but, Your Honor, we know in every categorical case whether the defendant But you're assuming this is a categorical case. Okay, well, we know in every case when we're looking to apply a recidivist enhancement. We know in the vast majority of cases this is what gives courts difficulty, right? We have a plea admission, for instance. There's no dispute. The only factual scenario that was presented to the jury was a factual scenario that qualifies for the federal enhancement provision. The Supreme Court has said for 30 years that doesn't matter. It doesn't matter that we actually know by certainty, and they can't most recently. That's what the Ninth Circuit did and chafed against really under the categorical approach by saying, Look, we know. We know what happened here. The jury was only given one set of facts. We know what the verdict was and so forth, but that does not excuse the categorical approach, and that's what the Supreme Court has said all along. If I look at 924C, and that section talks about threatened use of physical force, that is a felony, an offense that is a felony and has as an element the threatened use of force, that's 924C. Then I say that's exactly what happened in this case. That was the Hobbs Act robbery in this case. I've got a perfect match. Why do I have to go further? Because what happened isn't the question, Your Honor. Okay? What happened is not the question. That's conduct. What we look at under the category. What happened, shouldn't that be the question? When we can know so easily what happened. This Court is bound by Supreme Court precedent, Your Honor. I don't know what else to say. Leocal says 16A, identical provision, categorical approach applies. This Court in Brown says categorical approach applies. That's the post-day camp case in which this Court has said, has sort of taken a survey post-day camp of what the law is in this area. And what's important is under Hobbs Act robbery, it's not just actual or threatened use of force. It's also this fear of taking by fear of future economic impact on the person. That was the example I gave about the, you know, suing away your customers unless you give me the cash register. I don't have too much trouble about that because the Hobbs Act robbery involved the threatened use of physical force. 924C talks about the threatened physical use of force. Why do I have to go any further than that? Because that's not all of what 1951, the Hobbs Act robbery says. Okay, so the government has not argued divisibility in this case. And it doesn't, I think, I don't want to put words in opposing counsel's mouth, but ultimately divisibility analysis would not matter here because the jury was charged on all methods. And there was no, there's no jury interrogatory. So if we were to go to a modified categorical approach and try to determine whether was it a force case or was it a threat of economic injury case or whatever else, all that would allow us to do, and again this is Brown, this is Day Camp, all that would allow us to do is look at the indictment and the jury instructions. And here all of that stuff was charged in terms of the statute, Tory language was charged, the jury was not limited and there were no jury interrogatories on this point. So the modified categorical approach doesn't advance the ball here. So what this court is left with on the elements clause is, is Hobbs Act robbery a perfect match for the use of violent force? And we haven't talked about that yet, but I do want to make that point, which is in 924C the requirement under the Supreme Court's case in Johnson from 2010 is that the force that's required by that is violent force. Okay, it's not any simple slight force or anything else. So that's another distinguishing factor. Even if we were to home in on the force language, as your Honor suggested, and disregarding the other methods in which a Hobbs Act robbery can be committed. Haven't the district courts that have had to deal with this issue recently all come down on the side that Hobbs Act robbery is a crime of violence? That is correct, your Honor. There are no circuit decisions on point. However, the district courts have by and large held Hobbs Act robbery to qualify under the elements clause. I would suggest that that's not either for plain error purposes or just for looking at the issue from a substantive perspective. Having been a district judge, I appreciate the perspicuity and acuity of the district courts. Sure, of course. Of course. But why it's different is because those district courts were acting under different legal standards than would apply here. For instance, some of those courts said wrongly, as I've argued to your Honors, that the categorical approach doesn't apply at all. Some of those district courts have said, well, anytime there's a requirement of bodily injury, because there's one fear of immediate injury to the person is in the Hobbs Act, anytime there's a bodily injury requirement in a statute, that means there's physical force. Well, that's precluded by this court's decision in Otero, which I cited in a letter to the court last week. But this court has plainly said, no, no, no, bodily injury is not the equivalent of physical force. Those things are too different. You can have injury without force. So these district court opinions that are out there are operating under different precedent and legal standards that would apply and would bind this court. So I don't think it's dispositive here, but I do acknowledge, your Honor, that the trend in the district courts is to permit or is to acknowledge Hobbs Act robbery as an element of force. Now, I'm looking at Dukamp now, the Wonders of Cyberspace, which is still downloaded. I thought I had it on my laptop, but hopefully I didn't. But what Kagan said at the beginning of her opinion is, to determine whether a past conviction is for one of these crimes, courts use what has come to be known as the categorical approach to compare the elements. And that's my concern here. We're not looking at whether or not a past crime falls under the rubric of criminal violence. We know what the jury said he did because of the charge. And that's why I'm wondering why we have to get bogged down in this metaphysical inquiry. I think I understand, your Honor. I'm not aware of any case that's held that the categorical approach does not apply when the offense was a current offense. Do you know of one that has held that? Sorry? Do you know of one that has held one? It's not Dukamp. I don't have one at my fingertips, but I'd be happy to try to get one for the court. But I think what the ‑‑ I would suggest that's a bit of loose language, but I think what that is getting at is one of the rationales, one of the rationales for the categorical approach is this notion of distance  The final fact wasn't there. The sentencing judge wasn't there. You don't know for sure what the person did, and it's consistent with the rule of remedy, as I said earlier. Maybe a state offense, which is slightly different. That's right, your Honor. But my preface to that was one of the factors. And by ‑‑ it's very clear that that is not the primary motivating factor for two reasons. One is for the categorical approach. One is that often, even in an old case, we know exactly what happened. We have all the transcripts. We have a plea colloquy transcript. We have a jury transcript. We have jury instructions. There's really no difference in a case like that between looking at, you know, a transcript that's dated ten years ago and a transcript that's dated ten months ago. So that's one part of it. The other part of it is that the Supreme Court, in fashioning the categorical approach, made crystal clear that the driving force here was congressional intent. It was not about looking at individual cases. If we were to adopt your view, then we just basically we're comparing statutory provisions. That's exactly what the court does. And if we do, I mean, if we were to do that, don't we stop at 9.4C3A? Yes. So the preliminary step for the court in this case is, does Hobbs Act robbery qualify under the Elements Clause section, as Your Honor suggested? I'm arguing that it doesn't because it's broader. The Hobbs Act robbery is broader irrespective of the conduct that happened in this case and irrespective of the 924C conviction. And then once that happens, if there isn't a perfect match, then what we're left is one of two things. C3A talks about the threat and use of physical force, which is precisely what we have in this case. In terms of conduct, yes. In terms of a categorical analysis of the Hobbs Act and 924C, no. But you keep answering the question by asserting a premise that we're trying to get away from. And I think the incents are, at least my frustration is, if given what 924C3A says and given what 1151 says and the overlay between what the defendant was convicted of, that is he was convicted of a crime that has as an element attempted use or threatened use of physical force against the personal property of another. The jury was told where the firearm was. The evidence was that he had a firearm, at least one of these two, I guess both of them. But we're talking about one specifically now. The subway. The subway, yes. He was acquitted. Then he threatened to shoot. Sorry? Then he threatened to shoot. That's right, Your Honor, conduct. That's why when we go to the common sense clause, the residual clause, we wouldn't be here. To me, it makes absolutely no common sense to get to the common sense clause. The only thing I can say to Your Honor is the government concedes that the categorical approach applies here. There's no case that I'm aware of that's ever said that if the predicate offense was charged with the currently, then the categorical approach doesn't apply. And the Supreme Court has applied the categorical approach to this exact language in Leocal. So I will look for a case. I will try to present Your Honor with a case in which that analysis is played through in that factual scenario. I don't have one at my fingertips. I apologize for that. If I were to speak on the Supreme Court, because I'm concerned what the other circuits have done, is just going along and assuming that, well, this is a categorical approach because you can't have them drown. I should so. Okay. And I would point out, too, that the third leg of that, in addition to the Supreme Court government's concession, is that the circuits are also applying the categorical approach to 924C, in addition to this court in the Henry and the Butler case. I see my time is up. I didn't get to discuss the second issue. If you prefer, I will hold that. Or if you'd like to hear more, I'd be happy to hear that. I think A is the prime issue. Very good, Your Honors. Thank you very much. Thank you. Good afternoon, Your Honors. May it please the Court, Bernadette McKeown for the government in this case. With respect to the application of the categorical approach, the government, in its brief in this case, did not contest that the categorical approach should not be applied in this situation. Was Osmer in Washington when the brief was written? No, he wrote the brief, Your Honors. Whoa. Okay. But I have been, I think the Department of Justice is reevaluating its position on this issue. For example, if Your Honors were to find that the residual clause in 16B was unconstitutional, we would be taking the position that that does not control in 924C3B because there are material differences not only between the statute, not in the language of the statutes, but in its application. And I think Your Honor hit it right on the head that what 16A does, it's the equivalent of a recidivist statute. You are looking at a prior conviction. No one has ever questioned whether or not, when you are looking at a prior conviction, whether the categorical approach should apply in that situation. The reason there is no case addressing whether or not the categorical approach should apply to a current offensive conviction, one that is linked to the predicate, crime of violence, is because no one ever dreamed of making this argument in this context until the Johnson case arose. No one has ever come, no one has raised the argument, I think there is one reported case from the early 90s which questioned whether Hobbs Act robbery was a crime of violence for purposes of 924C. So there are no cases addressing that aspect because it's not been raised before. The categorical approach has been raised in conjunction with evaluating prior convictions, primarily for recidivist enhancements and also for civil removal purposes in the immigration context. There are several district courts which did decide, and primarily in the motion to dismiss stage or a request to withdraw a guilty plea, that decided, wait a minute, we don't think the categorical approach applies at all. We are evaluating the offense, the charged offense, or the offense of conviction. What's your opinion on whether Hobbs Act robbery is or is not a crime of violence? We believe it is categorically a crime of violence under the force or elements clause, Your Honor. When it's committed with a firearm. When it's committed with a firearm. That's the other thing that's missing from this analysis and even the examples being cited. We are talking about 924C enhancement. That enhancement is only applied when a firearm is used to commit the underlying offense. The idea that you could go in and say, well, I'm going to tell your customers your place is sturdier. I'm going to pour chocolate syrup on your passport. That is not, we are talking about offenses that are committed with a firearm. The person has to have a firearm for us to even have this discussion about what it means, whether Hobbs Act satisfies the crime of violence definition in 924C. So is that the case that every Hobbs Act robbery qualifies under 924C? We believe that Hobbs Act robbery, particularly those, yes, that it would qualify as a crime of violence under the definition in 924C. If that's the case, then you sort of stop right there? That's correct. That's our position. And every district court that's addressed the issue has reached that conclusion, that the force clause, that the Hobbs Act robbery satisfies the force clause. The arguments that are being presented about fear of injury and fear of injury to property, we are getting very far afield from reality here. Fear of injury, they take the word in isolation and not put it in the context of the statute. The fear of injury that has to be instilled in order to effectuate a robbery, remember, it's a fear of injury that's created in order to accomplish a taking from a person of their property against their will. It has to be, as almost all the district courts have concluded, it has to be a fear of physical injury. That's not what the statute says, though. It's not what it says, but that's what the courts have reasonably and logically concluded, and that's what Castleman, if we go to the Castleman opinion by the Supreme Court, there they were faced with what does use of physical force mean? And they were faced with a statute or a conviction for intentionally and knowingly inflicting bodily injury. There was no force requirement in that statute, in the crime of conviction. And they said, wait, that's a divisible statute. We're going to look at the records. That's what he was convicted of. And that necessarily entails the use of physical force. Object is itself a divisible statute, isn't it? It would be at a minimum between extortion and robbery. Correct, Your Honor, because extortion is defined very differently than robbery. And the examples that the defense cites in the brief, they're extortion cases. They're not robbery cases. Robbery requires a forceful taking from a person against their will. And in order to accomplish that goal, the fear of injury that you create is going to be a fear of injury that they're going to be hurt, physically hurt, or their property is going to be destroyed in a manner that satisfies the Johnson standard of violent physical force. It's just not conceivable that you can convince somebody to give up their property, especially when you have a gun, and that's in the context of 924C, and you're not instilling a fear of injury that's based on physical force. So even though the fear of injury can be isolated and viewed that way, that's just not the correct way to read the statute. And once you do that, fear of injury to persons or property, but remember 924C talks about threatened use of force against a person or their property. The statutes match. They both envision that a threat, a sufficient threat to property that induces or accomplishes the robbery is sufficient. They don't draw that distinction. And the examples that are being posited are just as really an act of legal imagination, not reality. One other thing that the government would urge the court to consider, and at least one district court on the Southern District of New York has a lengthy discussion of this in the Pena decision. He talks about, wait a minute, we look at the minimum culpable conduct when we're evaluating the elements clause, but that we can't, there also has to be a reasonable probability that the minimum culpable conduct, the conduct cited, actually would occur, a reasonable probability, not a theoretical possibility that someone dreams up and says, okay, that could fit within the Hobbes Act. And that's the Duenas algorithm. As Lito said, I guess it was in Johnson and Erskine, the threat of imagination. Right, and the Duenas-Alvarez decision, and there's a line of cases in the immigration context where they've applied that standard. Now, the Fourth Circuit refused to apply that in the Torres-Miguel decision, which we believe was at least the reasoning of Torres-Miguel was overruled by Castleman. And the Ninth Circuit did apply it outside of the immigration context. It makes sense. Otherwise, we are left with, this conceivably could fit a Hobbes Act robbery, so therefore it's not categorically a crime of violence under the elements clause. We should be looking at what reasonably would be charged. And they have not cited any case that suggests that even if you isolate the fear of injury clause, that that has been accomplished, Hobbes Act robbery, without creating a sufficient fear of injury. Was the jury in this case specifically asked to find whether Robinson committed robbery by threatening physical force? The language track, the language of the statute, so it included fear of injury as well. It just tracked the language of the robbery. That's right. Right, the statutory language. So it did include all of those elements. But we're saying fear of injury is not something that you just, it doesn't change the context. It's a fear of injury that was sufficient enough to effectuate the robbery. They also make an argument about it's not intentional. Well, it's not an intentional act. How you can create a fear of injury sufficient to convince somebody to give you their property without intending to do that, we have the bank robbery line of cases that say it could be objectively reasonable standard, but you still have to show that the person has the actus reus to commit the charged offense, the taking of property from another person, and they have to at least have the knowledge that their conduct will instill intimidation in the bank robbery context, fear of injury in the Hobbes Act robbery context. So we do have, there is a sufficient intent element. It matches up with the recent intent discussion in Alanis, the most recent Supreme Court case on a communication of a threat. So, in other words, the- Alanis is kind of up and that came back. That will be back, yes, Your Honor. But the principle argument is where fear of injury is insufficient, fear of injury to property is not sufficient, because they don't necessarily implicate the use of physical force, and we totally disagree with that. We also agree that there's this, we disagree with the fact that the mere fact that it doesn't say intentional renders it insufficient to constitute a crime of violence under 924C. So our position is it is clearly that Hobbes Act robbery is clearly a crime of violence for purposes under the force clause. We don't need to reach the residual clause whatsoever. We are in the position that, in this case, this is a fact robbery. Well, this, I would, Your Honor, even, again, I think there isn't a very open question as to whether the categorical approach should apply here, because we are talking about the actual offense of conviction that is charged in conjunction with the predicate offense, and we're not invoking the concerns that led to the creation of the categorical approach, which is we're going to delve into all these facts from past cases, and it's going to be unmanageable. We have hundreds of state statutes to deal with that could be predicates under these offenses. In 924C context, it has to be a federal offense. You know, Congress wrote this statute purposely to reach bank robbery and like robbery offenses. That's what they said. It has to be with a gun. That the 924C enhancement offense would be charged and the enhancement would apply if they use a gun to further or during the commission of the underlying violent crime, and they wrote it thinking of the bank robbery statute. That's what they wanted to, that's what they, Congress wrote the bank robbery statute. They knew the elements of bank robbery. So they were, they clearly envisioned that bank robbery, Hobbs Act robbery would qualify under the elements offense, that the residual clause was a catch-all in case there was some other federal offense out there where the elements weren't as clear-cut and clearly written, and not vice versa as the defense is suggesting, that this somehow, the residual clause is the driving force behind 924C. It is not. The residual clause is never the driving force, especially in a scenario like this where they're talking about federal crimes and federal robbery crimes, and to find to the contrary would be that Congress was so, so ineffective in this situation that they wrote a statute that has no meaning. Because let's talk about what we're really up against here. The defense position means that no robbery offense can be a predicate under 924C, no federal robbery offense that I'm aware of. Perhaps there's a murder offense or some other offense that could qualify. That just is an absurd position. It means that Congress so blew it, and this isn't like the Armed Career Criminal Act. We had, there was nine years of litigation by the Supreme Court alone. They grappled with what does this residual clause mean? I mean, they were off on the residual clause, but this is clear-cut. The elements clause is clear-cut. There's no reason to reach the residual clause, but I'm just bringing into focus the difference between the Armed Career Criminal Act, which is what led to the Johnson decision, and actually applying, considering whether a charged federal robbery offense is a crime of violence for purposes of 924C. There's a world of difference. And here, even if the categorical approach should apply, and the reason, Lee and Kyle did apply it, the categorical approach to 16A, which has identical language, but the reason they did so was because they were looking at a prior conviction, and no one, quite frankly, raised an objection to using the categorical approach. It's only now that courts are starting to take a step back and question, wait a minute, this is a different context, and perhaps we don't need to go that route. Perhaps we are doing what Your Honors are suggesting. We have a case before us. There is no dispute that his conduct satisfies 924C, that his Hobjack robbery satisfies it. Why do we need to go further in this context? And that is an open question that I think we did not address, but it certainly is a valid point that Your Honors are raising in that regard. But I keep coming back to the fact that Hobjack robbery definitely satisfies the force clause of Section 924C. The statutes are a match. The fact that the defense can think of some kind of outlier, impractical and probably never going to happen scenarios that would be charged under 924C, in conjunction with a 924C count in the Hobjack robbery context, just does not invalidate the Hobjack robbery as a crime of violence.  Thank you. Has anyone ever told you that you are not sufficiently animated? This one got me animated, Your Honors. Total arguments are always good. Veins are popping on your neck. Good morning. Thank you for having me back, Your Honors. Somebody probably has told you that you are not sufficiently animated. That's right. So Leo Cal had nothing to do with present offense, past offense. It had everything to do with the language that we're looking at, which is here identical. That by its nature, that is what the Supreme Court literally, in Leo Cal, you can look at the case and it says that signifies categorical by its nature. It's the text of the statute that requires it. It has nothing to do with prior cases, present cases or anything else. What we just heard, I would respectfully submit, is a lot of angst over the categorical approach and what the Supreme Court's jurisprudence has left us with over the last 30 years. That's fine, but that is the law. And we are not here saying that every conceivable robbery would not qualify under the Elements Clause. We're saying Hobbs Act robbery, which permits a conviction based on fear of future economic intangible loss, which is broader than any typical robbery you would have, we're saying that does not qualify under the categorical approach. But when you're dealing with 924C, you know you're dealing with a gun. And that's not threatening to say that Chipotle is going to have more food poisoning. You're right, Your Honor. And what this Court said in Hernandez-Cruz was, and the other thing I heard from my colleague was outlandish, far afield, this is crazy. What this Court said in Hernandez-Cruz was it doesn't matter if the hypothetical least culpable conduct has ever been prosecuted in the history of the world. That's virtually a direct quote from Hernandez-Cruz. So what we have here is bucking against the categorical approach and bucking against the least culpable conduct standard. But that is the law. And, Your Honor, I will endeavor to find a case for you to confirm that. But I believe there is certainly no case that supports, and the government until at least a few minutes ago at the podium, was of the position that it absolutely applies here. So we can't, I would submit, allow the bucking of the law to get in the way of the analysis here. And the analysis is- Repeat that again. I'm not trying to hear what you're saying. I would say that we should resist the urge to look at, to disagree with the least culpable conduct standard or disagree with the application of the categorical approach. And I think we should resist using the frustration that that generates now that the residual clause is gone as a rule of decision in this case. Because until Johnson, yes, there was no issue. Hobbs Act robbery was going to be a crime of violence under 924C. But in dealing with the least culpable conduct, in this case you've got to deal with the fact that there was a gun. That's the actual conduct. Well, it couldn't be charged under 924C if there wasn't a gun, right? In Taylor, Your Honor, you had jury transcripts and you had everything that said exactly what happened in the case, what the charge was, what the actual facts were. In Shepard, you had a defendant at a podium like this saying, I did this in a plea colloquy. And the Supreme Court has said over and over again, 30 years now, that that doesn't matter. We don't look at the specific facts. Even in a plea it's different because the present court does not know what dynamics went into the case that happened 25, 35, 40 years ago. Where the defendant may have said, I did this because he knows if I don't say that I'm not getting benefited from this plea bargain. Even where you've got the transcript there, it's really hard to know for sure what really happened or what the conduct of conviction was. But here... Go ahead, go ahead. But that's not the case. The sentencing judge, the trial judge, the trial judge looked at the jury charge and was specifically charged on that fact. There's no doubt, I don't think even except for the ID issue, if you concede the fact, I don't expect you to concede it, but if you accept the fact for purposes of argument, that whoever was the person who robbed the subway shop had a gun and used the gun in furtherance of the robbery, which was the crime of violence, how do you not get anything but the specifically defined crime of violence in the elements? Because the jury was not required to find it, Your Honor. Because the statute allows conviction on A, B, C. The government presented facts A. The jury was not limited to facts A, did not answer an interrogatory saying facts A. The judge cannot be the fact finder, even though he was at trial. It doesn't matter if the thing... That's true, but there was no argument, and I guess you can make the response, well, of course it wasn't an argument because our defense is mistaken ID, so why would we argue, well, it wasn't our guy, but if it was our guy, he didn't really use a gun. I understand you wouldn't make that argument. Let me just take a pause and say I totally understand Your Honor's frustration. I get that. I get why I heard once Judge Barriott in an argument very much like this about a year ago say, how can we suspend our knowledge of what happened in this case? Very frustrating. And I understand that. I get that. But that's where... She's much more eloquent than I am. I just got the visual. She was quite animated as well. The point is I understand the impulse, but that impulse cannot ride roughshod over what the law is here, and we wouldn't be in this position had the Supreme Court not invalidated Johnson. There wouldn't be this tempered, fevered pitch of, oh, my gosh, we're in a sinking boat because no Hobbs Act robbery can qualify because they came in under the residual clause because the residual clause, as I started this argument out with, is in many ways you can think of as the common sense clause. But what the Supreme Court said was that common sense is not a definitive enough hook to hang criminal liability. If the prosecution or the court used jury interrogatories in a criminal case, would that take your argument away? Let's say the jury set out with interrogatories. Tell us whether or not this Hobbs Act robbery was under Subsection 1, Subsection 2. If it were charged and instructed and brought back on the jury, yes, but Taylor says if it's divisible, if it's... With no interrogatory. If you have the interrogatory, I understand if it's divisible, you've got the issue of how you know if it's very unanimously agreed to. Right. All in our position here is it's not divisible. They've not argued divisibility, and we don't have the interrogatory. But the hypothetical Your Honor poses is yes. In the divisible statute, when you look at the modified categorical approach in a trial context, you would look at instructions or jury interrogatories. Thank you, Your Honors. I appreciate it. Thank you very much. In case you're taking that in your advisement. I haven't seen you. I haven't seen you.